Filed 3/20/25  P. v. Dominguez CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084002 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD271651) |
| LUIS A. DOMINGUEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Polly H. Shamoon, Judge.  Affirmed.

Leslie Ann Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.


Luis A. Dominguez appeals from the judgment entered pursuant to a stipulated plea agreement.  His appellate counsel filed a brief stating no arguable issues could be found.  (See generally *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738 (*Anders*).)  We have independently reviewed the record and agree there are no reasonably arguable issues.  Accordingly, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In November 2018, the prosecution charged Dominguez[1] with one count of murder (Pen. Code,[2] § 187, subd. (a); count 1) and three counts of attempted murder (§§ 187, subd. (a), 664; counts 2–4). Regarding the murder charge, the prosecution alleged that he personally discharged a firearm causing great bodily injury and death (§ 12022.53, subd. (d)). On one of the attempted murder charges (count 2), it was alleged that he personally discharged a firearm causing great bodily injury or death (§ 12022.53, subd. (d)) and inflicted great bodily injury (§ 12022.7, subd. (a).) As to the remaining attempted murder charges, it was alleged that he personally discharged a firearm (§ 12022.53 subd. (c).)[3]

A jury acquitted Dominguez of first degree murder but convicted him of second degree murder and two counts of attempted murder. As to those counts, the jury found true all firearm and great bodily injury allegations, but not true that the attempted murders were premeditated. The jury acquitted him of the third count of attempted murder altogether. The trial court sentenced him to an indeterminate term of 65 years to life, consecutive to a determinate term of 16 years in prison. (*People v. Dominguez* (2021) 66 Cal.App.5th 163, 168 (*Dominguez*).)

---

[1] Abraham Leal Torres was charged as a codefendant in this case. He is not a party to this appeal.

[2] All further undesignated statutory references are to the Penal Code.

[3] On our own motion, we take judicial notice of the Amended Information filed November 29, 2018, which is included in the record of Dominguez's prior appeal. (Evid. Code, §§ 459, subd. (a), 452, subd. (d)(1).)

On appeal, we reversed the judgment and remanded for a new trial (except for the charges and allegations on which the jury returned a verdict of acquittal) based on instructional error. (*Dominguez*, *supra*, 66 Cal.App.5th at pp. 168–169, 189.) The remittitur issued in September 2021. Over the next several months, the parties prepared for retrial.

In January 2024, the prosecution filed a Second Amended Information charging Dominguez with one count of voluntary manslaughter (§ 192, subd. (a); count 1) and two counts of assault with a semiautomatic firearm (§ 245, subd. (b); counts 2–3). As to all counts, it was alleged that he personally used a firearm (§ 12022.5, subd. (a)), and with respect to count 2 only, that he personally inflicted great bodily injury (§ 12022.7, subd. (a)).

The parties entered into a stipulated plea agreement. Dominguez pleaded guilty to all counts and admitted all allegations in the Second Amended Information in exchange for a prison sentence of 28 years, 8 months. Specifically, on count 1, he agreed to be sentenced to the upper term of 11 years for the voluntary manslaughter, plus the upper term of 10 years for the firearm enhancement.[4] On counts 2 and 3, he agreed to serve two years for each assault, 16 months for each firearm enhancement, and one year for the great bodily injury enhancement. In entering his guilty plea, Dominguez acknowledged and waived his constitutional rights, as well as his right to appeal the stipulated sentence. He confirmed that he was entering his plea knowingly, freely, and voluntarily.

The trial court imposed the agreed-upon sentence of 28 years, 8 months in prison. It ordered Dominguez, jointly and severally with Torres, to pay $10,416 in direct victim restitution, with further amounts to be determined

---

[4]     Dominguez admitted that the voluntary manslaughter victim was particularly vulnerable. (Cal. Rules of Court, rule 4.421(a)(3)).

(§ 1202.4, subd. (f)).  It also imposed a $10,000 restitution fine (*id*., subd. (b)), a $120 court operations assessment (§ 1465.8), and a $90 conviction assessment (Gov. Code, § 70373).  Dominguez was awarded 2,819 days of custody credit, including 2,528 days of actual credit and 291 days of local conduct credit pursuant to section 2933.1.[5]

Dominguez personally filed a timely notice of appeal, specifically noting his concern that his double jeopardy rights were violated.  He did not request a certificate of probable cause.

## DISCUSSION

Appellate counsel filed a brief pursuant to *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738 indicating that she identified no reasonably arguable issues for reversal on appeal.  She has asked this court to review the entire record as mandated by *Wende*.  We offered Dominguez the opportunity to file a supplemental brief on his own behalf.  He has not responded.

Our review of the record as mandated by *Wende* and *Anders* has disclosed no reasonably arguable appellate issues.  Double jeopardy is not an issue because his convictions were reversed based on instructional error, not insufficiency of the evidence, and he was not subject to retrial on the charges and allegations the jury previously acquitted him of.  (*Dominguez, supra*, 66 Cal.App.5th at pp. 169, 187–189; *People v. Hernandez* (2003) 30 Cal.4th 1, 3 ["As a general rule, the double jeopardy guarantee imposes no limitation on the power to retry a defendant who has succeeded in having his conviction set aside on appeal on grounds other than insufficiency of evidence"].)

---

[5]     Dominguez was in local custody for 1,941 days, so his local conduct credits are 15 percent of that amount.  (See *In re Martinez* (2003) 30 Cal.4th 29, 31 [a defendant's "prereversal prison time ought not be viewed as presentence custody, and [his or] her credit accrual should be calculated in accordance with [his or] her ultimate postsentence status"].)

4

Competent counsel represented Dominguez on this appeal.

## DISPOSITION

The judgment is affirmed.

DATO, Acting P. J.

WE CONCUR:

DO, J.

CASTILLO, J.